**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAJUAN JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-789-G** |
| ) | |
| **FNU RANKINS, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff DaJuan Jones, proceeding pro se, brings suit alleging violations of his civil rights under 42 U.S.C. § 1983.  United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Currently before the Court is Plaintiff's Amended Application for Leave to Proceed In Forma Pauperis ("IFP").  Doc. 6 ("Amended Application").[1]  For the reasons set forth below, the undersigned recommends that the Court deny Plaintiff's Amended Application.

I.    **Analysis**

Courts have discretion in deciding whether to grant a civil litigant permission to proceed IFP.  28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  "To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312 (citation modified).  After

---

[1] The undersigned considers only Plaintiff's Amended Application, the filing of which mooted Plaintiff's original Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. 2.

considering the Amended Application, the undersigned finds Plaintiff has not shown a financial inability to pay the required filing fees.

When an action is commenced, a plaintiff must pay a filing fee or the action may be subject to dismissal without prejudice. LCvR3.2; 28 U.S.C. § 1914(a). The required filing fee for a civil rights action, such as the one brought by Plaintiff, is $405.00.[2] The financial information included with the Amended Application shows Plaintiff has a current account balance of $549.05. Doc. 6 at 2; Doc. 6-1 at 1. Additionally, the undersigned calculates Plaintiff's average account balance over the last six months as $569.46. *See* Doc. 6-1 at 1.

Because Plaintiff has more than $405.00 in his institutional account(s), he has the funds necessary to pay the required $405.00 filing fee.[3] Accordingly, the undersigned finds that Plaintiff has not established an inability to pay the filing fee and, as such, cannot succeed on his applications to proceed IFP. *See Lister*, 408 F.3d at 1312 (stating that a litigant "must show a financial inability to pay the required filing fees" to proceed IFP); 28 U.S.C. § 1915(a)(1) (stating that a court may grant a litigant the ability to proceed in a civil case without the prepayment of fees if the litigant establishes that he "is unable to pay such fees"); *see also Lay v. Okla. Dep't of Corr.*, 746 F. App'x 777, 779 (10th Cir. 2018)

---

[2] The total filing fee includes (1) a base fee of $350.00 and (2) an administrative fee of $55.00 for any person not granted IFP status. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

[3] Under Oklahoma law, funds in a prisoner's mandatory savings account may be used to pay the costs of federal filing fees. Okla. Stat. tit. 57, § 549(A)(5); *see also Todd v. Att'y Gen. of Okla.*, 377 F. App'x 832, 834 (10th Cir. 2010) ("Under Oklahoma law, . . . funds [in an inmate's mandatory savings account] may be used to pay the costs of federal filing fees." (citing § 549(A)(5))).

(holding a district court did not abuse its discretion in denying IFP when a "[prisoner's] inmate-savings statement reflected a $550.67 balance" as "that balance sufficed to prepay the $400 district court filing fee" (citation modified)).

## II.   Recommendation and Notice of Right to Object

For the preceding reasons, the undersigned recommends that the Court **DENY** Plaintiff's Amended Application.  Doc. 6.  The undersigned further recommends that the Court dismiss this action without prejudice to refiling unless Plaintiff pays the full filing fee of $405.00 within 21 days of any order adopting this Report and Recommendation.  *See* LCvR3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than May 21, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of April, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

3